J-S81022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN ALBERT DIEHL | |
| Appellant | No. 1096 EDA 2016 |

Appeal from the PCRA Order March 25, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003321-2009

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                **FILED FEBRUARY 02, 2017**

Shawn Albert Diehl appeals, *pro se*, from the March 25, 2016 order of the Montgomery County Court of Common Pleas dismissing his Post Conviction Relief Act ("PCRA") petition as untimely.  We affirm.

On January 12, 2010, after a non-jury trial, the trial court convicted Diehl of three counts of involuntary deviate sexual intercourse ("IDSI") with a child, three counts of aggravated indecent assault, one count of indecent exposure, one count of endangering the welfare of a child, and one count of corruption of minors.[1]  On September 7, 2010, the trial court sentenced Diehl to an aggregate term of 13 to 30 years' imprisonment.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(b), 3125(a)(7), 3127(a), 4304(a)(1), and 6301(a)(1), respectively.

Diehl timely appealed, and this Court affirmed the judgment of sentence on May 3, 2011.  Diehl then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on February 29, 2012.

On August 26, 2015, Diehl filed a *pro se* PCRA petition, alleging that his sentence was rendered illegal by **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015).[2]  The PCRA court appointed counsel, who subsequently filed a "no-merit" letter[3] and a petition to withdraw from representation.

On January 20, 2016, the PCRA court issued notice of its intent to dismiss Diehl's PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907 and granted counsel's request to withdraw.  The PCRA court also granted Diehl's request for an extension of time to respond to the Rule 907 notice.  Diehl filed his *pro se* response on February 22, 2016.  On March 25, 2016, the PCRA court dismissed Diehl's petition as untimely.  Diehl timely appealed to this Court.

---

[2] In **Hopkins**, our Supreme Court concluded that 18 Pa.C.S. § 6317, requiring the imposition of a mandatory minimum sentence if certain drug crimes occur within 1,000 feet of a school, is unconstitutional under **Alleyne**.  117 A.3d at 262.

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez–Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

On appeal, Diehl asserts that his sentence is unconstitutional pursuant to *Alleyne* and its progeny, including *Hopkins* and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).[4] Before we may address the merits of Diehl's claim, we must determine whether the PCRA court properly dismissed his petition as untimely. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003).

A petitioner must file a PCRA petition within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the Pennsylvania Supreme Court denied Diehl's petition for allowance of appeal on February 29, 2012. Diehl did not seek review with the United States Supreme Court, so his judgment of sentence became final 90 days later, on May 29, 2012. *See* 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13. Diehl had one year from that date, or until May 29, 2013, to file a timely

---

[4] In *Wolfe*, our Supreme Court concluded that 42 Pa.C.S. § 9718, requiring the imposition of a mandatory minimum sentence for IDSI with a person under the age of 16, is unconstitutional under *Alleyne*. 140 A.3d at 663. *Wolfe* was decided on June 20, 2016, after Diehl filed this appeal.

PCRA petition. Thus, the instant PCRA petition, filed on August 26, 2015, was patently untimely.

To overcome the time bar, Diehl was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Diehl must have filed his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Diehl asserted the new-facts exception to the one-year time bar, alleging that he filed his petition within 60 days of learning about the *Hopkins* decision. However, a judicial decision is not a "new fact" capable of triggering the timeliness exception in section 9545(b)(1)(ii). *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012). Moreover, *Hopkins* was decided on June 15, 2015, and Diehl did not file his PCRA petition until August 26, 2015. Thus, even had Diehl properly pled the new-facts exception, he failed to file his petition within 60 days of the *Hopkins* decision as required by section 9545(b)(2). *See Brandon*, 51 A.3d at 235 (noting that even if judicial decision qualified as newly-discovered fact under PCRA, petitioner did not file his petition within 60 days of judicial decision).

Furthermore, our Supreme Court has held that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016); **see also Commonwealth Ruiz**, 131 A.3d 54, 58 (Pa.Super. 2015) (stating that "**Alleyne** does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition"). Both **Hopkins** and **Wolfe** applied the rule announced in **Alleyne** and concluded that their respective mandatory minimum statutes are unconstitutional. Because **Alleyne** is not retroactive to cases pending on collateral review, the derivative cases applying **Alleyne** also are not retroactive. **See, e.g., Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa.Super. 2016) (**Hopkins** did not announce new rule for purposes of retroactive application to cases on collateral review but merely applied **Alleyne** to particular mandatory minimum statute). Therefore, Diehl cannot satisfy the third time-bar exception for a newly recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1)(iii).

Because Diehl's PCRA petition was untimely and he failed to prove an exception to the one-year time bar, the PCRA court properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2017